**Braulia MARTINEZ, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 98 C 3803.

United States District Court, N.D. Illinois, Eastern Division.

May 25, 1999.

Agustin Glaze Garcia, Agustin G. Garcia, P.C., Chicago, IL, for Plaintiff.

Jack Donatelli, United States Attorney's Office, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Braulia Martinez filed this action against the Commissioner of the Social Security Administration challenging the denial of her application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. §§ 416(1), 423, and 1382. The court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The parties have filed cross motions for summary judgment pursuant to Fed.R.Civ.P. 56. Based on this court's review of the administrative record, as well as the pleadings and memoranda on file, defendant's motion for summary judgment is granted and plaintiff's motion is denied.

### Factual Background

Plaintiff, who was 57 years old at the time of the administrative hearing, was born and completed high school in Mexico. At the time of the hearing, she had been living in the United States for 16 years, but had very little English speaking skills. She could not read or write in English, but she had learned street names and signs. She had a driver's licence and understood enough English to "get around."

At the time of the hearing, plaintiff had had diabetes for 13 or 14 years, and had suffered depression for two years, which began after she stopped working as a sewing machine operator. She also stated that she had fatigue upon exertion, pain in the legs and numbness in the tips of her fingers. Plaintiff testified that she could not lift over ten pounds, and experienced dizziness and sleep disorders.

The medical evidence includes two diabetes reports from Dr. Steven Manock, plaintiff's treating physician. In a telephone report, Dr. Manock indicates that plaintiff complained of insomnia and loss of appetite. On June 15, 1998, plaintiff was examined by Dr. J.R. Mejia, at the request of a state agency. His diagnosis included mild allergy. Treatment notes from Longdale Christian Health Clinic dated July 7, 1994, through June 25, 1996, indicate a history a renal problems, depression, varicose veins, finger-based numbness and diabetes neuropathy.

After the administrative hearing, plaintiff was examined by Dr. James Herron, at the request of the Administrative Law Judge ("ALJ"). Plaintiff's eyes, ears, neck, lungs, heart and abdomen were normal. Lower extremities revealed no growths, deformations or edema. She was able to dress and undress and get on and off the examination table without assistance. She had normal gait. Plaintiff cried intermittently during the examination, but was orientated as to time, place and person, and her memory was intact. Dr. Herron diagnosed diabetes, hypertension and depression.

Also at the ALJ's request, Dr. Robert Buchanan performed a consultative psychiatric exam. Dr. Buchanan diagnosed "major depression, moderate." He believed plaintiff would benefit from psychotherapy and anti-depressant medication. Dr. Buchanan also indicated that plaintiff could manage her own funds, but specifically noted:

> Symptoms of depression—mood, problems concentrating, distractibility would be stressful for her; mild memory impairments—could not remember recent presidents; poor concentration—Serial VII; emotionally she's frequently depressed and withdraws socially.

Plaintiff filed an application for DIB and SSI on January 9, 1995, alleging that she became disabled on May 15, 1994, due to diabetes. The application was denied initially and on reconsideration. On July 17,

1996, plaintiff appeared with counsel and testified before the ALJ to challenge the denial of her application. On November 24, 1996, the ALJ issued a written decision in which he found, among other things, that: 1) plaintiff met the disability insured status requirement in May 1994 and continued to meet those requirements; 2) plaintiff had not engaged in substantial gainful activity since May 1994; 3) plaintiff has severe diabetes, depression, and hypertension, but that she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix I, Part P, Regulation No. 4; 4) plaintiff's complaints are not credible; and 5) plaintiff has residual functional capacity to perform the physical exertion and non-exertional requirements of work except for lifting more than 30 pounds occasionally or lifting more than 15 pounds frequently, sitting more than six hours of an eight hour day or standing for more than four hours at any one time, jobs that require operation of foot or leg controls, being permitted less than four bathroom visits during the work day, and jobs requiring reading, writing or otherwise communicating in English or requiring contact with the general public.

Based on these findings, the ALJ concluded that plaintiff is not under a disability as defined in the Social Security Act and, therefore, not entitled to a period of disability, DIB, or SSI. Plaintiff requested review by the Appeals Council, which was denied on May 24, 1998, leaving the decision of the ALJ as the final decision of the Commissioner.

### Discussion

The Commissioner's final decision that plaintiff was not disabled is conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). This court reviews the entire record in deciding whether the ALJ's findings are based on substantial evidence, but does not substitute its judgment for that of the ALJ by "reconsidering facts, reweighing evidence, resolving conflicts of evidence, or deciding questions of credibility." *Brewer v. Chater*, 103 F.3d 1384, 1389 (7th Cir.1997).

To be entitled to DIB under 42 U.S.C. § 423(d)(1)(A), a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

The ALJ uses a five step sequential evaluation process to make this determination: 1) whether the claimant is currently engaging in substantial gainful activity; 2) whether the claimant has a "severe impairment"; 3) whether the impairment meets or equals any of the listed per se disabling conditions; if not 4) whether the claimant has the residual functional capacity ("RFC") to perform her past work; and, if not 5) whether the claimant is capable of performing other work and that such work exists in the national economy. 20 C.F.R. § 404.1520(b)–(f).

In the instant case, plaintiff challenges the ALJ's decision at step 5, that plaintiff is capable of performing other work and that such work exists in the national economy. The ALJ's finding was based on the testimony of vocational expert Myer Klien, to whom plaintiff's counsel stipulated as an expert. Klien testified that he had reviewed plaintiff's entire file and heard plaintiff's testimony at the hearing. In response to a hypothetical question asked by the ALJ, Klien testified that if the ALJ found that plaintiff had capacity to lift occasionally as much as 30 pounds, and could frequently lift up to 15 pounds, had the capacity to sit six hours of an eight hour day and required four bathroom visits per day, with no contact with the general public and with no need to operate foot controls, plaintiff would be precluded from performing her past work as a sewing

machine operator, but could perform other kinds of sewing machine operation work, and that there were approximately 5,000 such jobs in the surrounding area.

Plaintiff challenges the hypothetical asked by the ALJ as not supported by the medical evidence. Plaintiff does not suggest that the question is not supported by the evidence presented at the hearing, but rather argues that because the psychiatric examination took place after the hearing, Klein's testimony did not include Dr. Buchanan's report. Plaintiff argues that the report should have been presented to Klein for post-hearing review or comment.

■ There are two problems with this argument. First, the ALJ need not even employ a vocational expert. Although such testimony might prove helpful, all that is required is "that there be reliable evidence of some kind that would persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available." *Warmoth v. Bowen,* 798 F.2d 1109, 1112 (7th Cir.1986). Moreover, "even if the hypothetical question omitted any medical evidence that accurately reflected [plaintiff's] impairments, the vocational expert indicated that he had reviewed the documentary evidence," and heard plaintiff's testimony, which included her depression. *Ehrhart v. Secretary of Health and Human Services,* 969 F.2d 534, 540 (7th Cir.1992). "When the record supports the conclusion that the vocational expert considered the medical reports and documents, his responses are probative of both residual functional capacity and which jobs a claimant reasonably can perform, even if the hypothetical question itself does not take into account every aspect of the claimant's impairments." *Id.* Additionally, plaintiff's counsel did not object to the question and, when asked by the ALJ if he had anything further for Mr. Klien, counsel declined to bring the matter to the court's attention, despite the fact that his client had testified previously about her depression.

Second, it is clear that the court took Dr. Buchanan's report into consideration when reaching its final conclusion, since the report is referenced in the ALJ's findings. Moreover, it is the ALJ that ordered the psychiatric examination to determine if plaintiff's depression was minor, as described by plaintiff's attorney. When the ALJ received Dr. Buchanan's report indicating major depression, he sent it to plaintiff's attorney and requested a response by October 25, 1996. Counsel acknowledge receipt of the exhibit indicating major depression, but never suggested that the report be submitted to the vocational expert with a revised hypothetical.

Finally, a review of the ALJ's findings indicate that they were based in large part on his rejection of plaintiff's complaints as incredible. Plaintiff's testimony of complaints was inconsistent with her testimony regarding her daily life activities. The ALJ is in the best position to observe testimony and determine credibility. *Zalewski v. Heckler,* 760 F.2d 160 (7th Cir. 1985). Accordingly, the court concludes that the decision of the Commissioner is supported by substantial evidence. The decision is, therefore, affirmed.

### Conclusion

For the reasons set forth above, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.